IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JORGE PEREZ-CARBAJAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 315-083 |
| ) | |
| STACEY N. STONE, Warden, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

On January 30, 2013, state authorities in Hall County, Georgia, arrested Petitioner on drug-related charges. (Doc. no. 10, Ex. A, Kitka Aff. & Attach. 8.) On April 10, 2013, a federal grand jury sitting in the Northern District of Georgia indicted Petitioner and two co-defendants on three charges related to the conduct for which Petitioner had been arrested on January 30, 2013. (Id., Attach. 4.) On April 16, 2013, United States Magistrate Judge J.

Clay Fuller issued a Writ of Habeas Corpus Ad Prosequendum for Petitioner's appearance in federal court on April 30, 2013, and the United States Marshal took temporary custody of Petitioner on April 30th. (Id., Attachs. 5, 6.) On May 24, 2013, as part of a negotiated plea agreement, the United States Attorney charged Petitioner by information with Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine. (Id., Attachs. 7, 8.) The Superior Court of Hall County, Georgia dismissed Petitioner's state charges on November 19, 2013 because of the federal prosecution, and Petitioner's primary custody transferred to the United States Marshal. (Id., Attach. 8.)

On December 23, 2014, United States District Judge Richard W. Story sentenced Petitioner to a term of imprisonment of fifty-seven months based on his guilty plea to the charge of Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(C) and 18 U.S.C. § 2. (Id., Attach. 9, United States v. Perez-Carbajal, 2:14-CR-019 (N.D. Ga. Dec. 23, 2014)). The judgment specifically states, "The Court granted, and the defendant has received credit for his time in custody and good time. Thus, the defendant should not receive credit for any time served prior to December 23, 2014, the date of sentencing." (Id. at 2.)

In fashioning the fifty-seven month sentence, Judge Story prospectively applied a pending amendment to the Sentencing Guidelines and started from a Guidelines range of ninety-seven to 121 months. (Id., Attach. 3, Sent. Tr. 2-3.) The government recommended a sentence of eighty-four months. (Id. at 5.) When defense counsel addressed Judge Story, he argued in mitigation for departing downward from the Guidelines range and asked that if Judge Story would not consider a below-Guidelines sentence, that Petitioner "be granted

some credit for the 22 months and 23 days that he has spent in the custody of the Hall County Sheriff's Department." (Id. at 6, 8.)

In announcing the sentence, Judge Story stated:

> [T]aking all these factors into consideration, taking into account that he has been in custody, I am going to give him credit for all the time he served. And I'm not only going to give him credit for the time, I'm going to give him credit for good time for the credit - - for the time he serves, so that I will make his sentence effective from today forward with no credit for time before today because I'm going to calculate that in. If I don't do that, BOP, we don't know what they may end up doing.
>
> So by my calculations . . . I've chosen to round numbers, which put him at 23 months of custody, which by my calculations would give him four months of good time credit . . . which is a total of 27 months credit.
>
> In my view, an 84-month sentence is appropriate, taking all the factors into consideration, that is a downward - - a variance. If one deducts the 27 months for the time he's already served, plus good time, that would leave a 57-month sentence with time beginning today.

(Id. at 11.)[1] There was no objection from the defense as to the sentence. (Id. at 14.)

The Bureau of Prisons ("BOP") prepared a sentencing computation for Petitioner that started his federal sentence on December 23, 2014. (Kitka Aff. ¶ 17 & Attach. 1) The BOP did not give Petitioner credit for the time he spent in state custody because of its determination that Judge Story had already done so. (Id.) When Petitioner challenged administratively the BOP's decision to deny his request to again receive credit against his sentence for the time already accounted for by Judge Story, the BOP specifically referenced Judge Story's statement in the Judgment that Petitioner had already received credit for his

---

[1] Judge Story also explained he had imposed the sentence with credit for time served already included because he had received a letter from the Bureau of Prisons stating the "safest" way to avoid problems with sentence calculations upon arrival in federal prison would be to reduce the sentence by the number of months' credit he wanted a defendant to have and then commence the sentence from the date of imposition. (Sent. Tr. 13-14.)

3

time in custody and good conduct time and thus, should not receive credit for any time served prior to the date of sentencing. (Doc. no. 1, Ex. 2.)

Petitioner acknowledges his Judgment includes a direction from Judge Story that he not receive any additional credit for time served in state custody, but he nevertheless seeks credit for twenty-two months and twenty-two days spent in state custody. (Id. at 7.)

## II. DISCUSSION

The statute governing sentence credits, 18 U.S.C. § 3585, provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C § 3585(b)(1)-(2). Petitioner satisfies this requirement because he seeks credit for the time he spent in state custody on the charges that were eventually taken over by federal authorities and form the basis for his current incarceration.

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "the time he has spent in official detention prior to the date the sentence commences." Id. A defendant must therefore receive credit equal to, but

4

not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once. Petitioner runs headlong into this core principle of § 3585 by demanding that the BOP credit his detention in state custody from January 30, 2013 to December 22, 2014, even though Judge Story already gave him credit in excess of this amount on his sentence for his time spent in state custody. (See generally doc. no. 1.)

Citing United States v. Wilson, 503 U.S. 329 (1992), Petitioner argues that the BOP must give him double credit because § 3585 authorizes only the BOP to calculate sentence credits and the sentencing judge had no authority to perform this task at sentencing. The BOP must therefore ignore the credit granted by the sentencing judge and grant the credit for a second time. Nothing in Wilson suggests this outlandish outcome.

In Wilson, the Supreme Court reviewed a decision in which the Sixth Circuit remanded a case for resentencing because the District Court denied the defendant's request for a sentence credit under § 3585. Id. at 331. The Sixth Circuit held that the District Court should have granted the request and calculated the credit rather than delegating the task to the Attorney General. Id. The Supreme Court reversed, holding that it is the statutory responsibility of the Attorney General to calculate the credit after sentencing instead of the District Court at sentencing. Id. at 337. In so holding, the Supreme Court explained that the original version of § 3585 expressly delegated this task to the Attorney General, but Congress removed this express delegation when it made a host of changes to the statute in 1987. Id. at 332. The Supreme Court interpreted the 1987 version of § 3585 as still

5

authorizing the Attorney General alone to calculate sentence credits, citing two primary bases for its interpretation. Id. at 333-34.

First, the statute's verb tenses indicate that the calculation must occur after the defendant begins his sentence. Id. at 333. Second, as a practical matter, District Courts sometimes lack all information needed to perform the calculation at the time of sentencing, and the Attorney General "has no choice but to make the determination as an administrative matter." Id. at 333-34. This practical consideration was particularly important in Wilson because the defendant had been charged in state and federal court, and the defendant's federal sentence did not begin until he was sentenced in state court. Id. at 334. Thus, at the time of federal sentencing, the district court could not possibly know the total amount of credit to which the defendant would be entitled. Id.

A multitude of cases citing Wilson are straightforward applications of its holding. Rather than considering a defendant's complaint that the sentencing judge erred by granting the credit at sentencing, these cases concern a defendant's complaint that the sentencing judge erred by not granting the credit at sentencing. Courts deny these demands because of the Supreme Court's holding in Wilson that the Attorney General, acting through the BOP, performs the calculation after sentencing.[2] The issue at hand, unresolved by Wilson, is whether the BOP errs when it acknowledges a sentencing judge's grant of a sentence credit, correctly calculated (in this case, exceeding the time in state custody), and rejects a prisoner's request to credit the same time again because doing so would violate the double

---

[2]See, e.g., United States v. Anderson, 517 F. App'x 772, 775-76 (11th Cir. 2013) (affirming on direct appeal a sentencing court's refusal to grant credit for presentence detention); United States v. Preister, 423 F. App'x 307, 308 (4th Cir. 2011) (same); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992) (same).

6

credit prohibition in § 3585. There are two compelling reasons why the BOP does not err in so doing.

First, defendants like Petitioner elevate statutory form far over substance by demanding double credit based solely on the technicality that the BOP should have granted the credit after sentencing rather than the sentencing judge during sentencing. While § 3585 does delegate this administrative duty to the BOP, a technical violation of this delegation does not justify violating the statute's core principle of prohibiting double credit. Indeed, Petitioner's request would not erase the technical violation but, instead, would exacerbate the problem by adding an egregious violation of a core § 3585 principle.

Second, and just as importantly, the BOP has not abandoned its administrative duty under § 3585 to determine whether and to what extent Petitioner is entitled to a credit. On the contrary, the BOP determined that (1) the sentencing judge accounted for and applied credit for Petitioner's pretrial detention in state custody; and (2) it could not award Petitioner an additional credit for the same period of detention because the sentencing judge specifically prohibited any application of double credit. (See doc. no. 1, Ex. 2; doc. no. 10, Kitka Aff. ¶¶ 17, 18.) This determination by the BOP is correct, and certainly well within reason under the deferential standard that applies to its interpretation and application of § 3585. See Alabama Power Co. v. F.E.R.C., 22 F.3d 270, 272 (11th Cir. 1994) (holding that courts must defer to agency's construction so long as it is reasonable when Congress has not spoken to the precise issue presented).

The District of South Carolina has addressed this precise issue in an analogous factual setting, and it also held that the BOP correctly disallows credit for time served in pretrial detention when the sentencing judge has already granted credit for the same time at

sentencing. See Sierra v. Owen, CV 812-00830, 2012 WL 5430945, at *5 (D.S.C. Oct. 16, 2012), *report and recommendation adopted*, CV 812-00830, 2012 WL 5430445 (D.S.C. Nov. 7, 2012). Likewise, this Court has reached the same result recently in three analogous cases. See Miramontes v. Stone, No. CV 315-061, 2015 WL 9916716 (S.D. Ga. Nov. 10, 2015), *appeal docketed*, No. 15-15330-B (11th Cir. Nov. 30, 2015); Gonzalez-Arsayuz v. Stone, No. CV 314-099, doc. no. 10, *report and recommendation adopted*, doc. no. 14 (S.D. Ga. Jan. 13, 2015) (Bowen, J.); Galvis-Pena v. Stone, CV 314-083, doc. no. 13, *report and recommendation adopted*, doc. no. 17 (S.D. Ga. Jan. 13, 2015) (Bowen, J.).

One might argue the Third Circuit's recent decision in Mehta v. Wigen, 597 F. App'x 676 (3d Cir. 2015), is analogous and persuasive authority for Petitioner's position. The Court has carefully reviewed this decision and determined that it is, instead, a study in contrast that required a different outcome. The petitioner, Sandeep Mehta, failed to report for service of a federal sentence and remained at large for four years until his arrest in England. Id. at 677. Upon extradition, Mehta pled guilty to criminal contempt for his failure to report. Id. Knowing that Mehta was statutorily entitled to credit from the BOP for his time in English pretrial detention, but firmly believing that Mehta deserved no such credit, the sentencing court contemplated at sentencing ways to defeat the credit. Id. at 678.

Initially, the sentencing court considered departing from the Guidelines range by doubling the sentence to offset the credit to be awarded by the BOP. Id. Ultimately, however, the sentencing court sentenced the petitioner within the Guidelines range and stated as follows in its judgment of sentence: "In setting this sentence, the court believes that the BOP will NOT award credit for the time the defendant spent in custody in England . . . before extradition. Otherwise, the sentence would have been greater." Id. By choosing this

8

option, the sentencing court avoided a sentence above the Guidelines range and any appeal of same. Id. at 680 n.2. The strategy proved effective, as the BOP acted in accordance with the instruction and did not grant the credit to Mehta. Id. at 678. In the context of the subsequent habeas petition, the Third Circuit held that, because the sentencing court "never had the authority to compute credit in the first place," the BOP "could not rely on the court's position that Mehta should not benefit from the credit as the basis for its denial." Id. at 679.

The case *sub judice* is nothing like Mehta. Here, pursuant to Petitioner's own request, the sentencing court, because of rounding, gave more than full credit for the time spent in pretrial detention, in compliance with the mandate of § 3585(b). While the sentencing court should have satisfied the procedural requirement of § 3585 by allowing the BOP to calculate the credit, this procedural error does not, as explained above, justify granting double credit in substantive violation of § 3585.

Finally, even if the Court were to accept Petitioner's argument that Judge Story erred in awarding prior custody credit at sentencing, such error would not provide Petitioner with any grounds for relief because Petitioner invited the error. See, e.g., United States v. Haynes, 764 F.3d 1304, 1309 (11th Cir. 2014) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party."); United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (ruling that a party who invites a trial court to err "cannot later cry foul on appeal."); United States v. Wiwo, 481 F. App'x 478, 479 (11th Cir. 2012) (applying invited error rule to § 2255 motion). Indeed, the parties discussed and agreed at sentencing that Judge Story would reduce Petitioner's below Guidelines sentence of eighty-four months by an additional twenty-seven months to account

9

for his time in state custody rather than waiting for the BOP to do so.  (Sent. Tr. 6, 8, 11, 13-14.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 21st day of March, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA